### WILLIAM J. HUBBARD & others *vs.* THE CHARLESTOWN BRANCH RAIL ROAD COMPANY.

Money lent, without any stipulation for interest, does not necessarily draw interest, until refusal or neglect of payment, after demand made, or some other default of the borrower.

Interest is recoverable on money wrongfully obtained, but is not necessarily recoverable on money obtained from a bank by an over-draft, because an over-draft is not necessarily wrongful.

In a suit to recover back money obtained from a bank by an over-draft, without any agreement to pay interest thereon, if the plaintiffs claim interest, the defendant may give evidence of facts tending to show that he did not procure the money wrongfully, nor detain it unjustifiably.

THIS was an action of assumpsit, in which the plaintiffs, as receivers of the Phœnix Bank, sought to recover of the defendants the sum of $4644·92, alleged to have been overdrawn by their treasurer, on the 30th of September 1842, and also interest on that sum from the same date.

The defendants filed a specification of their defence, in

which they stated, 1st, that no demand for the amount claimed had been made upon them, except at a time when they were summoned as trustees of said bank, in a process of foreign attachment ; 2d, that the amount claimed was not lent or advanced by said bank, at the request nor with the knowledge of the defendants, nor at the request of any one authorized by them ; 3d, that said bank, at the time of the alleged over-draft, was indebted to the defendants in the sum of $7200, being the amount of assessments due on one hundred and sixty shares in the defendants' capital stock ; and 4th, that the defendants were always ready to allow the amount of said over-draft, in part payment of said assessments.

It appeared at the trial in the court of common pleas, before *Merrick*, J. that the amount sued for was overdrawn by William Wyman, the defendants' treasurer, in his account, as such treasurer, with the Phœnix Bank, on the 30th of September 1842 ; that said Wyman was also president of said bank, and often acted as teller and cashier, and at all times had free access to the vaults and drawers of the bank ; that the clerk or book-keeper of the bank had general directions from said president to give him notice of all over-drafts ; with which directions he complied.

It also appeared that Wyman, as the defendants' treasurer, kept no account in the defendants' books with the bank, but only a cash account, and that there was no correspondence between the cash balances in the books of the company (the defendants) and his treasurer's account with the bank; and that, at the time of over-draft, there was, according to the company's books, a cash balance more than sufficient to meet said over-draft.

It also appeared, by inspection of the account of Wyman, as treasurer, with the bank, that there had been previously an over-draft, to the amount of $188·19, which remained unpaid for more than twenty days, and that no interest was charged thereon.

The defendants offered to put into the case, as evidence, a

11 *

petition in equity, by the plaintiffs, for an injunction on the defendants to restrain them from selling one hundred and sixty shares of their capital stock, claimed by the plaintiffs as having been paid in full; and also the answer of the defendants to said petition. But the court refused to admit them.

The defendants also offered to put in copies of certain writs served upon them in April 1843, as trustees of the Phœnix Bank. But the court refused to admit them, and ruled, that if the jury should find that the amount sued for was actually paid to the defendants, then the jury should add interest thereto from the time of the over-draft. The jury added interest from the date of the over-draft, and the defendants alleged exceptions to the judge's ruling.

*G. Farrar*, for the defendants. It was a question of fact, which should have been left to the jury, whether there was any agreement, express or implied, to pay interest. The law does not give interest on an over-draft by a depositor in a bank, unless there is an agreement to pay it. *Calton v. Bragg*, 15 East, 228. *Kane v. Smith*, 12 Johns. 156. *Rensselaer Glass Factory v. Reid*, 5 Cow. 609, per Spencer, Senator. See also *Hunt v. Nevers*, 15 Pick. 500. *Barnard v. Bartholomew*, 22 Pick. 291. *Bodham v. Riley*, 2 Bro. C. C. 3. *Newell v. Griswold*, 6 Johns. 45.

The over-draft in this case was not made by the defendants, nor authorized by them. Their treasurer overdrew, but there was no privity between the defendants and the bank. He could not borrow money for the defendants, so as to charge them, without their previous authority or subsequent ratification. *Essex Turnpike v. Collins*, 8 Mass. 292. *Hayden v. Middlesex Turnpike*, 10 Mass. 397. *Salem Bank v. Gloucester Bank*, 17 Mass. 1. There was no ratification by the defendants, because they could not know, from their books, that money was wanted; and as Wyman, individually, lent the money to himself, his knowledge cannot affect the defendants. *Washington Bank v. Lincoln*, 22 Pick. 24.

The evidence that was rejected should have been received, as it would have shown that the defendants were in no fault

in retaining the money, and were therefore not chargeable with interest.

*W. J. Hubbard,* for the plaintiffs. Banks are instituted for the purpose of lending money, and a payment of an over-draft by them is a loan of money. It is not like the cases of mutual accounts, cited for the defendants, where the parties do not know the exact state of the funds. Depositors know what they have in the bank ; and if they overdraw they do it for the purpose of borrowing money. Interest is due, by law, on money lent and money paid ; and the verdict has found that the money was paid to the defendants. *Reid* v. *Rensselaer Glass Factory,* 3 Cow. 420. *Dodge* v. *Perkins,* 9 Pick. 368. *Liotard* v. *Graves,* 3 Caines, 234. *The People* v. *Gasherie,* 9 Johns. 71. *Wood* v. *Robbins,* 11 Mass. 504. *Weeks* v. *Hasty,* 13 Mass. 218. *Anon.* 1 Johns. 315. *Willings* v. *Consequa,* Peters C. C. 172. *Rapelie* v. *Emory,* 1 Dall. 349. *Dilworth* v. *Sinderling,* 1 Binn. 488. *Moore* v. *Voughton,* 1 Stark. R. 487.

The evidence that was rejected was inadmissible. *Cutler* v. *Middlesex Factory Co.* 14 Pick. 483. *Adams* v. *Cordis,* 8 Pick. 260.

*J. Dana,* in reply. It does not appear that the defendants ever ordered Wyman to deposit their money in the bank, or that they knew he did so. And there was, on their books, a balance more than sufficient to meet the sum overdrawn. The over-draft by Wyman was fraudulent, and the bank, by paying it, became a party to the fraud on the defendants, and have no claim to interest. Besides ; when there is no agreement to pay interest, it cannot be recovered before notice and demand of payment.

Shaw, C. J. The only question now raised on this bill of exceptions is, whether the defendants were chargeable with interest upon the amount overdrawn by them, from the time of such over-draft. The court are of opinion that the direction of the judge was not correct in point of law, when he instructed the jury, that if the amount was actually paid to the defendants the jury should add interest from the time of

the over-draft, without instructing them to take into consideration the other circumstances of the case. If money were fraudulently or wrongfully obtained from a bank, it might be recovered back with interest. *Wood* v. *Robbins*, 11 Mass. 504.

Perhaps the evidence might have been properly left to the jury, to find whether the money was wrongfully drawn or not. But we think an over-draft on a bank is not necessarily wrongful; it may be made in conformity with some mutual agreement or understanding A draft on a bank, by one who has no funds, or beyond his funds, and a payment made in pursuance of it, constitute a loan of money; and supposing it to be made without any stipulation for interest in the outset, it does not necessarily draw interest until neglect or refusal of payment, after demand made, or some other default. In this case, it is stated that the defendants were expecting from the bank payments to a larger amount than the over-draft, for assessments on shares supposed to be the property of the bank, but standing in the name of Wyman, their president. What ground they had for such expectation does not appear; but it might have been such as to show that the over-draft was not necessarily wrongful. The difficulty is increased and complicated by the fact that Wyman was treasurer of the defendant company, and kept their books, and was also president of the bank, and had an active agency in their concerns.

In general, when there is a loan without any stipulation to pay interest, and when one has the money of another, having been guilty of no wrong in obtaining it, and no default in retaining it, interest is not chargeable. So, if before demand made, or other default, a debtor is summoned as trustee, and he practises no delay in making his answer, and no collusion with any other party, he is prohibited by law from paying the money; he is in no default, and not chargeable with interest. *Oriental Bank* v. *Tremont Ins. Co.* 4 Met. 1.

The case of *Adams* v. *Cordis*, 8 Pick. 260, in which the trustee was held liable for interest pending the trustee process, was decided on the ground that he held the money on a

Commonwealth *v.* Phœnix Bank.

contract to pay interest for it, that the interest was part ot the debt, and the trustee continued to use it as his own. We think the evidence, especially the proof of the trustee attachments, should have been admitted and left to the jury to find whether the money had been wrongfully drawn or unjustifiably detained, with a direction that, if they had not, the plaintiffs were not entitled to recover interest.

*Verdict set aside, and a new trial granted.*